UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AIX SPECIALTY INSURANCE COMPANY,<br><br>        Plaintiff<br><br>v.<br><br>SAPPHIRE ENTERTAINMENT, INC.,<br><br>        Defendant | CASE NO. 2:18-CV-_____ |

## DECLARATORY JUDGMENT COMPLAINT

NOW COMES the Plaintiff, AIX Specialty Insurance Company ("AIX"), and complains against the Defendant, Sapphire Entertainment, Inc. ("Sapphire") as follows:

1. AIX is a Delaware corporation engaged in the insurance business with a statutory home office in Wilmington, Delaware and a principal place of business in Worcester, Massachusetts. AIX Specialty Insurance Company, through its parent company, Hanover Insurance Group, is authorized to transact business in the State of Maine.

2. Sapphire is a Maine corporation with a principal place of business in Auburn, County of Androscoggin, and State of Maine.

3. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different States.

4. Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391, in that

the Defendant resides in the District of Maine and a substantial part of the events or omissions giving rise to the action occurred in the District of Maine.

5. On or about 10/17/2016, AIX issued an insurance policy with policy number L1P A75939600 to Sapphire with a policy period running from 10/17/2016 to 10/17/2017 ("the Policy").

6. Sapphire funded the purchase of the Policy through a premium financer, IPES Corporation ("IPES").

7. As a part of the premium finance agreement between Sapphire and IPES, Sapphire authorized IPES to act as its agent and also executed a power of attorney which allowed IPES to cancel the insurance policy if Sapphire did not satisfy its payment obligations to IPES.

8. On or about December 12, 2016, IPES, on behalf of Sapphire, requested that the Policy be cancelled as of 12/15/2016. IPES notified both AIX and Sapphire of the request for cancellation.

9. IPES' basis for requesting to cancel the Policy was that Sapphire had not made payments pursuant to the contract between Sapphire and IPES.

10. In accordance with the request by the agent for Sapphire, AIX cancelled the Policy as of 12/15/2016.

11. On or about September 1 of 2017, Sapphire was served with a Complaint by Kathleen Berry as Personal Representative of the Estate of Shawn R. Berry ("the Berry Complaint"), which alleges that Sapphire negligently overserved alcohol to Sara Clark and Giovanni Delvecchio.

12. The Berry Complaint further states that the alleged over-service of alcohol to Clark and Delvecchio caused the death of Shawn R. Berry on 12/31/2016.

13. On or about September 11 of 2017, AIX notified Sapphire that neither indemnity nor defense was available to Sapphire for the Berry Complaint because the accident which caused the death of Shawn Berry occurred after the Policy had been cancelled at the request of Sapphire's agent, IPES.

14. AIX has no obligation to defend or indemnify Sapphire for the allegations presented in the Berry Complaint

WHEREFORE, the Plaintiff, AIX, prays that the Court, pursuant to 28 U.S.C. § 2201, enter a judgment that AIX has no duty to defend or indemnify Sapphire for the allegations presented in the Berry Complaint, or any other claims that may arise out of events occurring after 12/15/2016.

DATED at Portland, Maine this 12th day of February, 2018.

    /s/ Joseph L. Cahoon Jr.
    Joseph L. Cahoon Jr. (Bar No. 4602)
    Attorney for Sapphire Entertainment, Inc.

RICHARDSON, WHITMAN, LARGE & BADGER
465 Congress Street
P. O. Box 9545
Portland, ME  04112-9545
(207) 774-7474